**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                            :
STEVEN GROHS,               :   THE HONORABLE RENÉE MARIE BUMB
                            :
                            :   Civ. No. 15-8024 (RMB)
        Petitioner,         :
                            :
    v.                      :        **OPINION**
                            :
                            :
ADMINISTRATOR OF THE        :
SPECIAL TREATMENT UNIT,     :
*et al.*,                   :
                            :
        Respondents.        :
_____ :

**BUMB,** United States District Judge

On November 10, 2015, Petitioner Steven Grohs filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). Respondents opposed the petition. (ECF No. 19).

On March 27, 2019, the Honorable Jerome B. Simandle, D.N.J., denied the petition and a certificate of appealability.[1] (ECF No. 24). Petitioner now moves for reconsideration of that order or, in the alternative, for relief from judgment. (ECF No. 25). Respondents oppose the motion. (ECF No. 28). For the reasons stated below, the Court denies the motion.

---

[1] The matter was reassigned to the undersigned on August 7, 2019. (ECF No. 29).

I.  BACKGROUND

In September 2008, Petitioner was indicted in Camden County, New Jersey, on fifteen counts of luring a child, criminal sexual contact, child welfare endangerment, and related offenses arising from his contact with a 14-year-old boy when Grohs was 42. (ECF No. 19-3). Petitioner entered a guilty plea to a charge of attempted luring or enticing a child in violation of N.J. Stat. Ann. § 2C:13-6 on December 15, 2008. (ECF No. 19-4). On February 20, 2009, and pursuant to his guilty plea, Petitioner was sentenced to five years' imprisonment, with 728 days of jail credit. (ECF No. 19-6; ECF No. 19-7).

On February 22, 2011, the Attorney General of the State of New Jersey petitioned the Superior Court of New Jersey, Law Division, Cumberland County, to involuntarily civilly commit Petitioner as a sexually violent predator under New Jersey's Sexually Violent Predator Act, N.J. Stat. Ann. § 30:4-27.24 to -.38 ("SVPA"). (ECF No. 19-8). The court granted the petition and involuntarily civilly committed Petitioner to the Special Treatment Unit ("STU") in Avenel, New Jersey on February 24, 2011. (ECF No. 19-9).

Following the exhaustion of his state court remedies, Petitioner filed his § 2254 petition with this Court on November 10, 2015. (ECF No. 1). By Order entered January 13, 2016, the Court construed the sole claim of the petition as raising "th[e] issue

whether Petitioner's trial counsel rendered ineffective assistance of counsel for failing to advise him adequately of the civil commitment consequences of his plea." (ECF No. 7).

Respondents argued in their answer that Petitioner failed to meet § 2254's "in custody" requirement because the custodial portion of his criminal sentence ended on February 22, 2011 when he was civilly committed to the STU.[2] Judge Simandle concluded that "to the extent the Petition is challenging Petitioner's criminal conviction, he was not 'in custody' for purposes of § 2254(a) at the time the Petition was filed." (ECF No. 23 at 12). Judge Simandle further concluded that Petitioner could not challenge his civil commitment because he had done so in a prior § 2254 proceeding which had been denied with prejudice on March 27, 2018. See Grohs v. Main, No. 14-5268, 2018 WL 1522705 (D.N.J. Mar. 27, 2018). Finally, Judge Simandle reviewed the merits of Petitioner's ineffective assistance of counsel claim and concluded Petitioner was not entitled to habeas relief or a certificate of appealability

Petitioner now moves for reconsideration of that order or, in the alternative, for relief from judgment under Federal Rule of Civil Procedure 60. Respondents oppose the motion. The Court

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 permits a federal court to entertain a petition for writ of habeas corpus on behalf of a person in state custody, pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

3

considers the motion on the papers without oral argument. Fed. R. Civ. P. 78(b).

II. DISCUSSION

When a party seeks reconsideration of a judgment, the judgment

> may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Disagreement is not an appropriate basis for reconsideration. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Here, Petitioner asserts his claim under the third prong, the need to correct a clear error of law or fact to prevent manifest injustice. (ECF No. 25 at 16).

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). However, the Supreme Court has held that Rule 60(b)(6) motions in § 2254 proceedings must be treated as second or successive habeas petitions in certain circumstances. Id. at 538. An argument that

4

"a previous ruling which precluded a merits determination was in error - for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar" does not make the instant motion an unauthorized second or successive § 2254 petition.[3] Id. at 532 n.4.

Petitioner argues: (1) the Court erred when it concluded that Petitioner failed to meet the in-custody requirement and sought impermissible second or successive § 2254 relief; and (2) a certificate of appealability should issue because reasonable jurists could disagree whether Petitioner failed to meet the in-custody requirement.

Whether construed as a motion for reconsideration under Rule 59 or for relief from judgment under Rule 60(b), Petitioner is not entitled to relief. Although he frames his argument as one of "mistake," the crux of Petitioner's motion is that he disagrees with Judge Simandle's decision. Disagreement with the Court's decision is not a proper basis for a motion for reconsideration. Morris v. Horn, 187 F.3d 333, 340-41 (3d Cir. 1999) ("A request for relief pursuant to Rule 60(b) cannot be used as a substitute for an appeal.") (alteration and quotation marks omitted). "[A] movant seeking relief under Rule 60(b)(6) [must] show

---

[3] The Court notes that Judge Simandle did consider the merits of Petitioner's ineffective assistance of counsel claim but gives Petitioner the benefit of the doubt on this issue.

5

'extraordinary circumstances' justifying the reopening of a final judgment. Such circumstances will rarely occur in the habeas context." Gonzalez, 545 U.S. at 535 (internal citations omitted).

The Court denies Petitioner's motion for reconsideration or, in the alternative, for relief from judgment.

III. CONCLUSION

For the reasons discussed above, Petitioner's motion for reconsideration or, in the alternative, for relief from judgment is denied.

An appropriate order follows.


Dated: December 31, 2019

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**